Debbie P. Kirkpatrick, Esq. (SBN 207112)
Damian P. Richard, Esq. (SBN 262805)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Suite 150
San Diego, CA 92108-3426
Tel:   619/758-1891
Fax:   619/296-2013
dkirkpatrick@sessions-law.biz
drichard@sessions-law.biz

Attorney for NCO Financial Systems, Inc. (erroneously sued as "NCO Financial Services, Inc.")

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERELINE CAMPBELL,<br><br>          Plaintiff,<br>     vs.<br><br>NCO FINANCIAL SERVICES, INC., and DOES 1 through 10 inclusive,<br><br>          Defendants. | Case No.:<br><br>NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)<br>[FEDERAL QUESTION] |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE THAT defendant NCO Financial Systems, Inc. erroneously sued as NCO Financial Systems, Inc. (erroneously sued as "NCO Financial Services, Inc.") ("NCO") hereby removes to this Court the state court action described below.

1. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. § 1441(a) in that it arises under the Fair Debt Collections Practices Act, 15 U.S.C. §1692, *et. seq.*

2. On or about January 21, 2014 the action was commenced in the Superior Court of the State of California, County of Los Angeles, entitled, *Jereline Campbell v. NCO Financial Services, Inc. and Does 1 through 10*, Case No. 14K01008 (the "State Court Action"). A copy of the Plaintiff's Summons and Complaint ("Complaint") is attached hereto as Exhibit A.

3. The date upon which NCO first received a copy of the said Complaint was February 11, 2014, when NCO's agent for service of process was served with a copy of the Complaint. Thus, pursuant to 28 U.S.C. § 1446(b), NCO has timely filed this Notice of Removal.

4. A copy of this Notice of Removal is being served upon Plaintiff and will be filed in the State Court Action.

5. The State Court Action is located within the Central District of California. Therefore, venue for purposes of removal is proper because the United States District Court for the Central District of California embraces the place in which the removed action was pending 28 U.S.C. § 1441(a).

///

6. Removal of the State Court Action is therefore proper under 28 U.S.C. §§ 1441 and 1446.

Dated:                      SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.

*/s/Damian P. Richard*
Damian P. Richard
Attorney for Defendant
NCO Financial Systems, Inc.
(erroneously sued as
"NCO Financial Services, Inc.")

Exhibit A

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| In re Los Angeles Superior Court Cases General Order – Limited Jurisdiction (Non-Collections) Cases | Case No.: 14K01008<br><br>GENERAL ORDER |

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure, the California Rules of Court, and the Los Angeles County Court Rules, the COURT HEREBY GENERALLY ORDERS AS FOLLOWS IN THIS ACTION:

1. **PLAINTIFF/S IS/ARE ORDERED TO SERVE A COPY OF THIS GENERAL ORDER ON THE DEFENDANT/S WITH COPIES OF THE SUMMONS AND COMPLAINT AND TO FILE PROOF OF SERVICE, AS MANDATED IN THIS ORDER.** (Code Civ. Proc., § 594, subd. (b).)

2. The Court sets the following trial date in this case in Department 77 at the Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012:

> TRIAL: 07/21/2014   TRIAL: 07/21/2015   OSC: 01/23/2017
> Date: _____ at 8:30 a.m.

### SERVICE OF SUMMONS AND COMPLAINT

3. The trial date set forth above is conditioned on the defendant/s being served with the summons and complaint within six (6) months of the filing of the complaint. The

trial date will be continued to a later date if service is not accomplished within six (6) months. The parties may stipulate to keep the original trial date even if service of the summons and complaint is not completed within six (6) months of the filing of the original complaint.

4. The summons and complaint shall be served upon the defendant/s within <u>three (3) years</u> after the complaint is filed in this action. (Code Civ. Proc., § 583.210, subd. (a).) Failure to comply will result in dismissal, without prejudice, of the action, as to all unserved parties who have not been dismissed as of that date. (Code Civ. Proc., § 581, subd. (b)(4).). The dismissal as to the unserved parties, without prejudice, for this case shall be effective on the following date:

**UNSERVED PARTIES DISMISSAL DATE**

_____

5. No Case Management Review (CMR) will be conducted in this case.

### LAW AND MOTION

6. All regularly noticed pre-trial motions will be heard in Department 77 on Mondays, Tuesdays, Wednesdays, and Thursdays at 8:30 a.m. Motions will require parties to reserve a hearing date by calling (213) 974-6247. All motions should be filed in Room 102 of the Stanley Mosk Courthouse.

7. Tentative rulings may be posted on the Court's internet site at http://www.lasuperiorcourt.org/tentativeruling the day prior to the hearing.

## EX PARTE APPLICATIONS

8. Ex parte applications should be noticed for 1:30 p.m. in Department 77. All applications must be filed by 1:00 p.m. in Room 102 of the Stanley Mosk Courthouse.

## JURY FEES

9. The fee shall be due no later than 365 calendar days after the filing of the initial complaint. (Code Civ. Proc., § 631, subds. (b) and (c).)

## STIPULATION TO CONTINUE TRIAL

10. A trial will be postponed if all attorneys of record and/or the parties who have appeared in the action stipulate in writing to a specific continued date. If the Stipulation is filed less than five (5) court days before the scheduled trial date, then a courtesy copy of the stipulation must be filed in Department 77. The stipulation and order should be filed in Room 102 of the Stanley Mosk Courthouse with the required filing fees. (Code Civ. Proc., § 595.2 and Govt. Code § 70617, subd. (c)(2).)

## TRIAL

11. Parties are to appear on the trial date ready to go to trial, and must meet and confer on all pretrial matters at least 20 calendar days before the trial date. On the day of trial the Parties shall bring with them to Department 77 all of the following:

   i. Joint Statement of the Case;

   ii. Motions in Limine, which must be served and filed in accordance with the Local Rules of the Los Angeles Superior Court (LASC), see local rule 3.57;

   iii. Joint Witness List disclosing the witnesses who will be called what they will testify to, and how long their testimony will take;

   iv. Joint Exhibits in exhibit books, numbered appropriately, and Exhibit List;

    v.    Joint Proposed Jury Instructions printed out for the court; and

    vi.    Joint Proposed Verdict form(s) printed out for the court.

    12.    **FAILURE TO COMPLY WITH ANY REQUIREMENT SET FORTH IN PARAGRAPH 11 ABOVE MAY RESULT IN SANCTIONS OR THE VACATING OF THE TRIAL DATE.** (Los Angeles Superior Court Local Rule 3.37.)

GOOD CAUSE APPEARING THEREFORE, IT IS SO ORDERED.

DATE: March 13, 2013

_[signature]_

Hon. Stephanie Bowick
Judge of the Superior Court

Paul Mankin- State Bar No. 264038
The Law Office of L. Paul Mankin IV
8730 Wilshire Blvd., Suite 310
Beverly Hills, CA 90211
Phone: (800)-219-3577
Facsimile: (323) 207-3885

Attorney for Plaintiff

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

JAN 21 2014

Sherri R. Carter, Executive Officer/Clerk
By: Candice S. Calagna, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR LOS ANGELES COUNTY

LIMITED JURISDICTION

14K01008

JERELINE CAMPBELL an individual,

Plaintiff,

vs.

NCO FINANCIAL SERVICES, INC. and DOES 1 through 10 inclusive,

Defendants.

Case No.:

**COMPLAINT**
Amount not to exceed $10,000.00

1. Violation of the Federal Fair Debt Collection Practices Act;
2. Violation of the Rosenthal Fair Debt Collection Practices Act;

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 18 U.S.C. §1692, *et seq.*, ("hereinafter "FDCPA"), the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* ("hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

//

//

COMPLAINT - 1

## PARTIES

2. Plaintiff JERELINE CAMPBELL ("Plaintiff"), a natural person who at all times herein mentioned was a resident of the City of Los Angeles, in Los Angeles County, and State of California and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and a "debtor" as defined by Cal. Civ. Code §1788.2(h). Plaintiff at all relevant times with respect to this complaint was a resident of Los Angeles County California.

3. At all relevant times herein, Defendant, NCO FINANCIAL SERVICES, INC. (hereinafter "NCO"), was a company engaged, by use of mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692(a)(5) and a "consumer debt" as defined by Cal. Civ. Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692(a)(6), and RFDCPA, Cal. Civ. Code §1788.2(c).

4. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise, of Defendants sued herein as Does 1 through 10, inclusive, and therefore names said Defendants under provisions of *Section 474 of the California Code of Civil Procedure*.

5. Plaintiff is informed and believes, and on that basis alleges that Defendants Does 1 through 10 are in some manner responsible for acts, occurrences and transactions set forth herein and are legally liable to Plaintiff.

## FACTUAL ALLEGATIONS

6. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt of her deceased husband.

COMPLAINT - 2

7. This financial obligation was primarily for personal, family or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. § 1692a(5).

8. Defendant NCO has placed multiple calls to Plaintiff on a daily basis regarding the collection of a debt alleged to be owed by Plaintiff. Defendant oftentimes calls from telephone number 1-800-303-1995.

9. On information and belief, on average, Plaintiff received two or more calls per day from Defendant.

10. On information and belief, on average, Plaintiff received ten or more calls per week from Defendant.

11. In addition to requesting Plaintiff, Defendant calls requesting to speak with Plaintiff's deceased husband. Plaintiff has informed Defendant that her husband is deceased and to stop contacting her to speak with him. Nonetheless, Defendant continues to call Plaintiff requesting to speak to her deceased husband.

12. Additionally, Plaintiff demanded that Defendant stop attempting to contact Plaintiff. Despite Plaintiff's demands, Defendant continues to call Plaintiff.

13. On information and belief, Defendant NCO has called Plaintiff before 8:00 am and after 9:00 pm.

14. Defendant's conduct violated the FDCPA, and the RFDCPA, in multiple ways, including but not limited to:

 a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d);

 b) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number (§1692d(5));

c) Communicating, in connection with the collection of any debt, with any person other than the consumer, or his attorney without express permission (§1692b(c));

d) Communicating at any unusual time or place which is or should be known to be inconvenient to the consumer (before 8:00 am or after 9:00 pm local time at the consumer's location) (§1692c(a)(1));

e) Communicating, by telephone or in person, with plaintiff with such frequency as to be unreasonable and to constitute a harassment to Plaintiff under the circumstances (Cal. Civ. Code §1788.11(e));

f) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal. Civ. Code §1788.11(d));

g) Communicating with the consumer where the natural consequence of which is to harass, oppress, or abuse any person (§1692d).

15. As a result of the above violations of the FDCPA, RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress. The contacting of Plaintiff's family and disclosing personal information has been particularly embarrassing and upsetting to Plaintiff. As such, Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff reincorporates by reference all of the preceding paragraphs.

17. To the extent that Defendant's actions, counted above, violated the FDCPA, those actions were done knowingly and willingly.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A. Actual damages;

B. Statutory damages;
C. Costs and reasonable attorney's fees; and
D. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff reincorporates by reference all of the preceding paragraphs.

19. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willingly.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A. Actual damages;
B. Statutory damages;
C. Costs and reasonable attorney's fees; and
D. For such other and further relief as may be just and proper.

PLAINTIFF HEREBY REQUESTS A JURY TRIAL

Date: January 14, 2014

Paul Mankin, Esq.
Attorney for Plaintiff